UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY FIELDS, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-1149 |
| DR. CARUSO, et. al., | ) |
| Defendants. | ) |

**CASE MANAGEMENT OPINION**

The pro se Plaintiff, a state prisoner, originally filed a complaint alleging Defendants at both the Danville Correctional Center and Pontiac Correctional Center were deliberately indifferent to his serious medical condition. *See Fields v Edwards*, Case No. 16-2108. Specifically, Plaintiff claimed he suffered with pustules to his scalp and body, but he was denied medical care. After review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court determined Plaintiff was attempting to combine unrelated claims against different Defendants in one lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, the Court severed Plaintiff's claims concerning his care at Pontiac Correctional Center

into this lawsuit. *See Fields v Edwards*, Case No. 16-2108, May 17, 2016 Case Management Order.

Plaintiff was given additional time to clarify whether he wanted to pursue a second lawsuit, and if so, to file an amended complaint. Plaintiff has complied and has filed an amended complaint.

This case is now before the Court for review of the claims in Plaintiff's amended complaint pursuant to § 1915A. The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The Plaintiff has identified eight Defendants including Dr. Caruso, Dr. Tilden, Nurse Megan, Nurse Amy, Officer S. Prentice, Assistant Warden Shull, Wexford Health Sources, and Pontiac Correctional Center.

Plaintiff says on November 13, 2015, he complained to Defendant Nurse Amy about his "infection," but she told him there

was nothing she could do for him and refused to provide any treatment.(Amd. Comp., p. 3). Plaintiff says he then sent requests for medical care to Dr. Tilden, Dr. Caruso and Nurse Megan, but no one would respond to him or provide any additional care.

Plaintiff also says he sent requests for medical treatment to Warden Shull and Major Prentice, but he did not receive a response. Finally, Plaintiff says Wexford Health Sources did not provide him with the "the right medical treatment." (Amd. Comp., p. 8)

## ANALYSIS

To demonstrate a violation of his constitutional rights, Plaintiff must show he suffered from a serious medical need and the Defendant was deliberately indifferent to that need. *See Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder,* 546 F.3d 516, 522 (7th Cir. 2008). The Court notes it is unclear whether he suffered from a serious medical condition at Pontiac Correctional Center, but the Court must liberally construe the alleged facts in Plaintiff's favor. Therefore, Plaintiff has articulated an Eighth Amendment violation against Medical Defendants Dr. Caruso, Dr.

Tilden, Nurse Megan, and Nurse Amy for the purposes of notice pleading.

However, Plaintiff has not adequately alleged how the two correctional officers are responsible for his medical claim. Plaintiff says he sent each a written, medical request. However, Plaintiff does not allege either Defendant is a member of the medical staff, nor does he allege this is the procedure to obtain medical care, nor does he allege either officer received his request. The Court cannot infer Assistant Warden Skull or Correctional Officer Prentice had any involvement in Plaintiff's medical care based on the facts alleged.

In addition, Wexford can only be held liable for deliberate indifference to a serious medical condition if the corporation had had a policy or practice that caused the violation. *Woodward v Corr. Medical Serv. of Illinois, Inc.,* 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has failed to make such an allegation and therefore has failed to state a claim against Wexford.

Finally, Pontiac Correctional Center is not a proper Defendant as it is not a "person' subject to liability under §1983. *Will v.*

*Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Tenney v Baldwin*, 2016 WL 2755171 at *4 (S.D.Ill. May 12, 2016).

MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff has filed a motion for appointment of counsel.[9]. The Plaintiff has no constitutional or statutory right to the appointment of counsel in this case.  In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff says he has contacted one specific law firm.  The Court does not find this is a reasonable attempt to find counsel and Plaintiff's motion is denied with leave to renew. [9]

**IT IS ORDERED:**

1.     Pursuant to a review of the Amended Complaint, the Court finds that Plaintiff alleges Defendants Dr. Caruso, Dr. Tilden, Nurse Megan, and Nurse Amy were deliberately indifferent to

Plaintiff's serious medical condition. This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2.    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3.    The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on

Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to dismiss Defendants Major Prentice, Assistant Warden Shull, Wexford, and Pontiac for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.**

11.  **The Clerk is to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

12.  **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

**Plaintiff's motion for appointment of counsel is denied with leave to renew. [9]**

ENTERED:  9/22/2016


FOR THE COURT:                    s/ Sue E. Myerscough
                              _____
                                    SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE